THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Steve D. Byoun, Esq. – Attorney ID: 005202000
150 Passaic Avenue
P. O. Box 939
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Plaintiff,
Our File Nos: 215347

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D'AMICO,<br><br>Plaintiffs,<br><br>v.<br><br>AIRBNB; AIRBNB, INC; PETE MADDEN; JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, MICHAEL D'AMICO, complaining of Defendants, hereby alleges:

### JURISDICTION

1. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

2. The Court has jurisdiction under 28 U.S.C. §1332.

### THE PARTIES

3. Plaintiff, MICHAEL D'AMICO, is an individual, residing at 82 Mountain Spring Road, Township of West Milford, County of Passaic, State of New Jersey.

4.  Defendant(s), AIRBNB, AIRBNB, INC., is/are business entities who, upon information and belief, has/have a principle place of business at 627 Broadway, in the City of New York, County of New York, State of York.

5.  Defendants, PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names) is an individual who, upon information and belief, has a place of business at 17 Brook Street, in the City of Westbrook, Cumberland County, State of Maine.

## FIRST COUNT

1.  On or about **May 23, 2019**, Plaintiff, MICHAEL D'AMICO, was a lawful business invitee at the premises located at 17 Brook Street Westbrook Maine.

2.  At all times referred to hereinafter and prior thereto, the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),owned, leased, rented, operated, supervised, maintained, controlled, managed, inspected, secured, repaired, constructed, cleaned and/or cared for said premises, together with its ceilings, stairway(s), interior/exterior sidewalk, curb area, ramps, interior hallways, ingress/egress, walkways, passageways and appurtenances thereto, in such a negligent, careless and reckless manner as to cause the Plaintiff, MICHAEL D'AMICO, to be injured thereon.

3.  As a direct and proximate result of the aforesaid negligence of the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), Plaintiff MICHAEL D'AMICO sustained diverse injuries, great pain

and suffering, has incurred and will continue in the future to incur extensive medical expenses, permanent injuries, suffered physical and emotional injuries of both a temporary and permanent nature, suffered considerable pain and anguish, loss of wages, other special damages, as well as various consequential damages and was otherwise incapacitated from attending his usual duties.

**WHEREFORE,** the Plaintiff, MICHAEL D'AMICO, demands Judgment against the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), for damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations contained in the First Count and makes same a part hereof as though more fully set forth at length herein.

2. At the time and place aforesaid, the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), through their agents, servants, and/or employees, did so negligently and carelessly own, lease, rent, operate, control, maintain, manage, secure, supervise, clean, construct, repair, inspect and care for the aforementioned premises, so as to create a nuisance.

3. As a direct and proximate result thereof, the Plaintiff, MICHAEL D'AMICO was caused to be injured.

**WHEREFORE,** the Plaintiff, MICHAEL D'AMICO, demands Judgment against the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10

(fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),for damages, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations contained in the First and Second Counts of this Complaint and makes same a part hereof as though more fully set forth at length herein.

2. At the same time and place aforesaid, Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),did negligently create a hazard over which he/she/they had actual and/or constructive notice, which caused the Plaintiff, MICHAEL D'AMICO, to sustain severe and permanent injuries.

3. As a direct and proximate consequence of the negligence of the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),Plaintiff sustained severe physical, mental and permanent injuries and other diverse damages.

**WHEREFORE**, the Plaintiff, MICHAEL D'AMICO, demands Judgment against the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), for damages, together with interest and costs of this suit.

### FOURTH COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations of the First, Second, and Third Counts and makes same a part hereof as though more fully set forth at length herein.

2. The Defendants, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), are fictitious names intended to identify any and all parties, including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff, who together with the named Defendants were responsible for the ownership, leasing, renting, cleaning, supervision, operation, control, repair, management, security, inspection, construction, maintenance, and/or care of the premises where the aforesaid accident occurred or who in any way caused or contributed to Plaintiff's injuries.

3. As a direct and proximate result of the negligence of the Defendants aforesaid, the Plaintiff, MICHAEL D'AMICO, suffered diverse injuries, great pain and suffering, has incurred and will continue in the future to incur extensive medical expenses, permanent injuries, suffered physical and emotional injuries of both a temporary and permanent nature, suffered considerable pain and anguish, loss of wages, other special damages, as well as various consequential damages and was otherwise incapacitated from attending his usual duties.

**WHEREFORE**, Plaintiff MICHAEL D'AMICO, demands Judgment against the Defendants named in this Count, individually, jointly, severally, or in the alternative, together with interest and costs of this suit.

## FIFTH COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations of the First through Fourth Counts and makes same a part hereof as though more fully set forth at length herein.

2. At the time and place aforesaid, the Defendants, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names),, through their agents, servants and/or employees did so negligently and carelessly own, lease, rent, operate, control, maintain, manage, secure, supervise, clean, construct, repair, inspect and care for the aforementioned premises, so as to create a nuisance.

3. As a direct and proximate result thereof, the Plaintiff MICHAEL D'AMICO was caused to be injured.

**WHEREFORE**, Plaintiff MICHAEL D'AMICO, demands Judgment against the Defendants named in the Count, individually, jointly, severally, or in the alternative, together with interest and costs of this suit.

## SIXTH COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations of the First through Fifth Counts of this Complaint and makes same a part hereof as though fully set forth at length herein.

2. At the time and place aforesaid, the Defendants, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), did negligently create a hazard over which he/she/they had actual and/or constructive notice, which caused the Plaintiff to sustain severe and permanent injuries.

3. As a direct and proximate consequence of the negligence of the Defendants, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names), Plaintiff MICHAEL D'AMICO, sustained severe, physical, mental and permanent injuries and other diverse damages.

**WHEREFORE,** Plaintiff MICHAEL D'AMICO, demands Judgment against the Defendants named in this Count, individually, jointly, severally or in the alternative, together with interest and costs of this suit.

## SEVENTH COUNT

1. Plaintiff, MICHAEL D'AMICO, repeats the allegations of the First through Sixth Counts of this Complaint and makes same a part hereof as though more fully set forth at length herein.

2. At all times referred to herein, the Defendants were insured under a liability insurance policy issued to the Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10 (fictitious names).

3. As a result of the negligence of the aforesaid Defendants, the Plaintiff MICHAEL D'AMICO, has sustained medical expenses and will in the future continue to sustain medical expenses, which the Defendants are liable for payment and/or reimbursement.

**WHEREFORE,** the Plaintiff, MICHAEL D'AMICO demands judgment against Defendants, AIRBNB, AIRBNB, INC., PETE MADDEN, JOHN DOE 1-10 (fictitious names), JANE ROE 1-10 (fictitious names), and JOHN DOE CORPORATION 1-10

(fictitious names), either individually, jointly and/or severally, for damages together with interest and costs of suit.

Dated:           By:   
THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Attorneys for Plaintiff

_____
STEVE D. BYOUN, ESQ.

### DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, SnapChat, Instagram, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

Dated:           By:   
THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Attorneys for Plaintiff

_____
STEVE D. BYOUN, ESQ.

### DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury as to all issues herein.

THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Attorneys for Plaintiff

Dated:      By: _____
STEVE D. BYOUN, ESQ.

### DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, **Steve D. Byoun, Esq.**, is hereby designated as trial counsel for the Plaintiff in the within matter.

THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Attorneys for Plaintiff

Dated:      By: _____
STEVE D. BYOUN, ESQ.

### CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not now the subject of any other pending action in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff are not aware of any other parties or the true identities of other parties which should be joined in this action at this time. The Complaint will be amended when true identities of the fictitious Defendants become known to the Plaintiff.

THE LAW OFFICES OF FUSCO & MACALUSO, P.C.
Attorneys for Plaintiff

Dated:      By: _____
STEVE D. BYOUN, ESQ.